UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELA LAGMAN WHETZEL,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-02371-CSK (SS)

ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

(ECF Nos. 15, 19)

Plaintiff Angela Lagman Whetzel seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for disability insurance benefits.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART, the Commissioner's cross-motion is GRANTED IN PART and DENIED IN PART, and the final decision of the Commissioner is REVERSED AND REMANDED.

/ / /

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 7, 10, 11)

## I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

Plaintiff filed a claim for disability insurance benefits on September 22, 2022, alleging disability beginning on September 1, 2021. Administrative Transcript ("AT") 227-233. Plaintiff alleged she suffered from C5-C6 disc herniation, bilateral carpal tunnel syndrome, fibromyalgia, lumbar degenerative disc disease with right leg radiculop, small fiber neuropathy, peripheral neuropathy hands and feet, chronic pain, depression, anxiety, and headaches. AT 274. Plaintiff's application was denied initially and upon reconsideration, and she sought review before an ALJ. AT 110-111, 112-120, 165.

Plaintiff appeared with a representative at an in-person hearing on April 10, 2024 before an ALJ, where Plaintiff testified about her impairments and a vocational expert ("VE") testifies about hypothetical jobs available in the national economy. AT 37-66.

On June 11, 2024, the ALJ issued a decision finding Plaintiff not disabled. AT 15-36. At step one, the ALJ determined Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of September 1, 2021 through her date last insured of December 31, 2022. AT 21.

At step two, the ALJ found Plaintiff had the following severe impairments: cervical stenosis; status post anterior cervical discectomy and fusion; lumbar degenerative disc disease without myelopathy or radiculopathy; fibromyalgia; and length dependent small fiber neuropathy of the left leg. AT 21-22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled any listing. AT 22 (citing 20 C.F.R. Part 404 Subpart P, Appendix 1). Relevant here, the ALJ considered listing 1.15 (Disorders of the skeletal spine resulting in compromise of a nerve root(s)). AT 22-23.

The ALJ next found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [Plaintiff] can lift/carry/push/pull 20 pounds occasionally and ten pounds frequently, sit for 6 hours in an eight-hour workday, and stand/walk for 6 hours in an eight-hour workday. The claimant requires the use of a cane for long distance ambulation and uneven terrain ambulation. She can occasionally perform reaching overhead to the left, and occasionally perform reaching overhead to the right. She can handle items frequently with the left and can handle items frequently with the right hand. She has fingering limitations frequently with the left hand and has fingering limitations frequently with the right hand. The claimant can climb ramps and stairs frequently, climb ladders, ropes, or scaffolds occasionally, balance frequently, stoop frequently, kneel frequently, crouch frequently, and crawl occasionally.

AT 23. In making this finding, the ALJ considered Plaintiff's symptoms "to the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence," medical opinion testimony, and prior administrative medical findings.

*Id*.

Evaluating the medical opinion testimony, the ALJ concluded the findings Dr. Y. Ruo and Dr. Doan, state agency medical consultants who evaluated Plaintiff at the initial and reconsideration level. AT 91-109, 112-120. Both doctors found Plaintiff was capable of light work "with frequent climbing of ramps and stairs, occasional climbing of ladders, ropes, or scaffolds, frequent stooping, kneeling, and crouching, occasional crawling, and occasional overhead reaching with the bilateral lower extremities." AT 25. The ALJ found these opinions partially persuasive, concluding that while the doctors supported their findings with evidence present in the administrative record, they were nonetheless inconsistent with the record because the ALJ concluded it supported the need for a cane for long-distance ambulation and uneven terrain ambulation, and for limitations of no more than frequent fingerling and handling with the bilateral hands. AT 25.

The ALJ gave little weight to the opinion of Dr. Thao Nguyen, D.O., who prepared an assessment of Plaintiff's ability to do work activities on November 15, 2022. AT 25-26 (citing AT 710-712). Dr. Nguyen opined that Plaintiff was

> limited to lifting/carrying less than 10 pounds, standing/walking less than 2 hours, sitting 2 hours, never climbing, stooping, crawling, or crouching, and occasional balancing, bending, and crawling, as well as limitations in reaching, handling, feeling, fingering, and pushing/pulling, and environmental limitations to humidity, vibration, heights, moving machinery, and temperature extremes.

*Id*. Dr. Nguyen further concluded that Plaintiff would need a cane for balancing; have her legs elevated for twenty-five percent of an eight hour workday; would require unscheduled breaks; and would be absent for more than four days per month. *Id*.

The ALJ concluded that absent the recommendation for a cane, the remaining limitations in Dr. Nguyen's medical opinion testimony were unsupported by his treatment notes "or other records that consistently document low pain levels and adequate control of symptoms with medications." AT 26

(citing 460-548, 549-656, 713-766.)

Last, the ALJ examined the third-party function report of Plaintiff's friend, Geraldine Ponce. *Id*. (citing AT 284-291). The ALJ concluded that Plaintiff's friend's reports supported Plaintiff's allegations, but it does not "find full support in the objective medication record." *Id*.

The ALJ determined at step four that Plaintiff could perform her past relevant work experience as an insurance clerk, which would not require the performance of work-related activities precluded in her RFC. *Id*.

At step five, in addition to Plaintiff's past relevant work, the VE testified that Plaintiff could also perform the following occupations: (i) cashier II, Dictionary of Occupational Titles ("DOT") #211.462-010, light, SVP 2, with 457,000 jobs nationally; (ii) sales attendant, DOT #299.677-010, light, SVP 2, with 146,000 in the nationally; and (iii) fundraiser II, DOT #293.357-014, light, with 43,000 in the nationally.[2] AT 27-28. Thus, the ALJ found Plaintiff not disabled during the relevant period. AT 28.

On June 25, 2025, the Appeals Council rejected Plaintiff's appeal. AT 1-7. Plaintiff filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 15, 19.)

## III. ISSUES PRESENTED FOR REVIEW

Plaintiff argues the ALJ erred by (1) erroneously discounting Plaintiff's subjective symptom testimony; (2) failing to properly discount Dr. Nguyen's medical opinion testimony under the supportability and consistency factors; and (3) at steps four and five,

---

[2] "Light" in the ALJ's step-five determination references light work, as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).

"SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *See* DOT, App. C, § II, available at 1991 WL 688702.

failing to properly resolve a conflict regarding the VE testimony and the DOT regarding reaching requirements for all four occupations. Pl. Mot. at 6-19 (ECF No. 15-1).

In contrast, Defendant argues that (1) the ALJ properly discounted Plaintiff's subjective symptom testimony; (2) the ALJ properly evaluated Dr. Nguyen's medical opinion testimony using the supportability and consistency factors; and (3) the ALJ's findings at steps four and five were supported by substantial evidence. Def. Mot. at 4-12 (ECF No. 19).

## IV. DISCUSSION

### A. Subjective Symptom Testimony

#### 1. <u>Legal Standards</u>

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. *See, e.g., Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. *Albalos v. Sullivan*, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan v. Commissioner of Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999); *see also Lambert v. Saul*, 980 F.3d 1266, 1277-78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id*. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see generally* SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.

"Ultimately, the 'clear and convincing' standard requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "This requires the ALJ to 'specifically identify the testimony [from a claimant] she or he finds to be not credible and … explain what evidence undermines the testimony." *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm. of Soc. Sec. Admin*., 775 F.3d 1090, 1102 (9th Cir. 2014)). Boilerplate statements and general summaries of the evidence, without more, are not enough. *Id*. at 1277-78. That said, an ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Id*. at 1277. However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility. *Lambert*, 980 F.3d at 1277-78.

2. Analysis

Plaintiff argues the ALJ erred in discounting her subjective symptom testimony by: (1) erroneously concluding that Plaintiff's symptoms improved with treatment; (2) refusing to weigh Plaintiff's inability to do basic tasks in assessing her subjective symptom testimony; and (3) insufficiently analyzing Plaintiff's testimony. Pl. Mot. at 17-19. In contrast, Defendant argues that the ALJ properly evaluated Plaintiff's subjective symptom testimony because (1) the ALJ appropriately considered the objective medical evidence; and (2) the ALJ concluded that Plaintiff's symptoms responded positively to treatment. Def. Mot. at 4-7.

The ALJ began his analysis by summarizing Plaintiff's testimony: Plaintiff alleged she cannot work because she suffers from arthritis in her wrists, fingers, elbows, back, hips, and knee joints. AT 23. Plaintiff claimed her back pain results in numbness in her feet and that her neck pain results in dizziness or headaches. *Id*. Plaintiff also alleged she suffers from fibromyalgia and when experiencing a flare-up, must lie in bed for three to four hours. AT 24. Plaintiff alleged that she suffers from a "burning pain" on the right side of her body and that even when taking medication, her pain level is a seven out of

ten. *Id*. Plaintiff alleged she suffers from back pain when sitting “for too long,” that she cannot lift more than two pounds, and that she cannot stand or sit for more than twenty minutes at a time. *Id*. Plaintiff alleged she uses a cane daily. *Id*. Plaintiff also alleged that she cannot perform most daily activities on her own, such as dressing herself, cooking, and cleaning, and that her roommates act as nurse’s aides. *Id*. While the ALJ concluded that Plaintiff’s medically determinable impairments “could reasonably be expected to cause the alleged symptoms… [Plaintiff’s] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…” AT 26.

The ALJ then analyzed Plaintiff’s testimony regarding her feeling of pain on a seven out of ten on her right side. AT 25. The ALJ found Plaintiff’s claims to be inconsistent with “continued reports to physicians” that her treatment reduced her pain to a four out of ten. *Id*. (citing AT 463, 469, 475-476, 480, 482-483, 487-30, 506, 518-520). Upon review of these records, however, the Court finds only page AT 480 of the ALJ’s citation refers to an evaluation where Plaintiff reported pain relief with medication. *See* AT 480. Defendant provided several additional pages within the AT referring to pain management evaluations between September 1, 2021 and October 14, 2022. Def. Mot. at 8 (citing AT 461, 467, 473, 480, 486, 492, 498, 504, 510, 516). While each of the new records report a similar decrease in pain level while on medication, these records also show that Plaintiff’s reported pain levels rose shortly after being administered medication. For example, in a progress note dated October 14, 2022, Plaintiff reported her current pain level while on medication was a four out of ten and that she was administered medication the night before her appointment. AT 461. While at the appointment, Plaintiff reported that her pain level without medication was a nine out of ten, and that her current pain level was a six out of ten. AT 461; *see also* AT 461, 467, 473, 480, 486, 492, 498, 504, 510, 516. “[I]t is error to reject a claimant’s testimony merely because symptoms wax and wane in the course of treatment.” *Garrison v. Colvin*, 759 F. 3d 995, 1017 (9th Cir. 2014). Therefore, the Court concludes that the ALJ lacked

substantial evidence in finding that Plaintiff's symptoms improved with treatment when the improvement was not consistent over a sustained period.

Further, the ALJ referenced items in the record showing that Plaintiff was "neurologically intact," had normal gait, and made "no mention of falls or the need to lay down much of the day." AT 25 (citing AT 463, 469, 475-476, 480, 482-483, 487-89, 504, 506, 518-520). The ALJ may not rely on inconsistency with the objective medical evidence as the sole reason for discounting Plaintiff's testimony. *Burch v. Barnhart*, 400 F. 3d 676, 680 (9th Cir. 2005). Therefore, the Court concludes the ALJ erred in discounting Plaintiff's subjective symptom testimony.

An ALJ failing to specify their reasons for finding claimant testimony not credible is typically not harmless error. *See Treichler*, 775 F. 3d at 492. Therefore, the Court remands for further administrative proceeding and grants Plaintiff summary judgment on this issue.

**B. Medical Opinion Evidence**

1. <u>Legal Standards</u>

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC" (residual functional capacity). *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The applicable rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2).

Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how he considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). The new regulations "still require that the ALJ provide a coherent explanation of his reasoning" and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." *Sam-Chankhiao v. Kijakazi*, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022) (citing *Hardy v. Commissioner*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021)).

2. <u>Analysis</u>

Plaintiff argues that the ALJ erred in evaluating the medical opinion testimony of Dr. Nguyen because (1) the ALJ's support for discounting Dr. Nguyen's testimony rested on citations to three large exhibits without further analysis; and (2) the exhibits do not support discounting Dr. Nguyen's testimony. Pl. Mot. at 14-17. Defendant counters that (1) because the ALJ discussed the exhibits earlier in his analysis, he had sufficiently identified portions of the record that contradicted Dr. Nguyen's testimony; and (2) the ALJ reasonably interpreted this evidence to discount Dr. Nguyen's testimony. Def. Mot. at 7-9. The ALJ evaluated Dr. Nguyen's opinion as follows:

> As described above [Dr. Nguyen opined that Plaintiff was limited] to lifting/ carrying less than 10 pounds, standing/walking less than 2 hours, sitting 2 hours, never climbing, stooping, crawling, or crouching, and occasional balancing, bending, and crawling, limitations in reaching, handling, feeling, fingering, and pushing/pulling, and environmental limitations to humidity, vibration, heights, moving machinery, and temperature extremes.

AT 25. Dr. Nguyen further concluded that Plaintiff would need a cane for

balancing; have her legs elevated for twenty-five percent of an eight hour workday; would require unscheduled breaks; and would be absent for more than four days per month. *Id*.

The ALJ found Dr. Nguyen's opinion unpersuasive because the recommendations aside from Plaintiff needing a cane were not supported by Dr. Nguyen's treatment notes or "other records that consistently document low pain levels and adequate control of symptoms with medications." AT 26 (citing AT 460-548, 549-656, 713-766). This was the extent of the ALJ's discussion of Dr. Nguyen's medical opinion.

The Court finds that the ALJ's discussion of Dr. Nguyen's medical opinion testimony was cursory and inadequate. "An ALJ must provide 'an adequate discussion' of the ALJ's persuasiveness explanation, which 'enables his finding with regard to the particular medical opinion was supported by substantial evidence… and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness or lack thereof.'" *Ward v. O'Malley*, 2024 WL 922897, at *4 (E.D. Cal. Mar. 1, 2024) (quoting *Cooley v. Commissioner of Social Security*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021). While the ALJ found that Dr. Nguyen's treatment notes contradicted his findings, the ALJ fails to illustrate the contents of these notes and how they differ from the medical opinion testimony findings. Therefore, the Court concludes that the ALJ erred in finding Dr. Nguyen's opinion lacked supportability.

Further, the Court concludes that the ALJ erred in his consistency analysis. To support the remainder of his consistency analysis, the ALJ cites to exhibits B3F, B4F, and B7F without any further analysis or explanation of these citations. AT 26. Exhibit B3F contains Plaintiff's office treatment records from Medical Group Dignity Health dated from September 1, 2021, to October 18, 2022. AT 460-548. Exhibit B4F contains Plaintiff's Health Information Technology Medical Evidence of Record ("HIT MER") from Dignity Health dated from October 2, 2020, to October 18, 2022. AT 549-656. Exhibit B7F contains Plaintiff's HIT MER from Dignity Health dated from November 11, 2022, to December 10, 2022. AT 713-766. To support his conclusion that Dr. Nguyen's

conclusions are not consistent with the medical evidence, the ALJ has cited to hundreds of pages within the administrative record. *See* AT 26. The Court finds the ALJ has erred by forcing the Court to speculate about the reasons behind the ALJ's persuasiveness. *See Ward*, 2024 WL 922897, at *4; *see also*, *Peter H. v. Kijakazi*, 2022 WL 2105915, at *3 (N.D. Ill. Jun. 10, 2022) ("Merely reciting the medical evidence in close proximity to conclusions does not create an accurate and logical connection between evidence and conclusions.").

Defendant argues that such broad citations are proper because the ALJ had discussed each of the exhibits earlier in the opinion. Def. Mot. at 8 (citing *Heather Mary S. v. Saul*, 2021 WL 1662580, at *1 (C.D. Cal. Apr. 28, 2021). The Court disagrees. As described above, the Court finds that the ALJ lacked substantial evidence in concluding that Plaintiff's symptoms improved with treatment when discounting Plaintiff's subjective symptom testimony. Because the ALJ drew his unsubstantiated conclusions from records in Exhibit B3F, which show Plaintiff's physical symptoms wax and wane over time instead of having sustained improvement, the Court finds that the ALJ erred in relying on Exhibit B3F in discounting Dr. Nguyen's medical opinion testimony. *See* AT 25.

It is unclear whether other references to improvement following medication are associated with the remaining exhibits cited by the ALJ. Exhibit B7F is cited at step three to support the proposition that Plaintiff experienced a decrease in symptoms with medication. AT 21. However, this reference does not contain a corresponding page number. *Id*. The opinion also references a November 2021 exam where Plaintiff "confirmed that prescribed medications were helping her symptoms of chronic pain…" and a December 2022 report where Plaintiff "continued to report medications were helping her symptoms." AT 24-25. The ALJ's analysis does not attach a citation to either one of these claims, therefore, it is unclear to the Court whether the ALJ has properly developed Exhibits B4F and B7F. The Court cannot tell whether the ALJ's conclusions from these exhibits are supported by substantial evidence. Accordingly, the Court

concludes that the ALJ has erred in his evaluation of Dr. Nguyen's opinion and grants Plaintiff summary judgment on this issue.

**C. Steps Four and Five Analysis**

1. Legal Standards

At step four, the plaintiff has the burden of showing that they can no longer perform past relevant work. *Pinto v. Massanari*, 249 F. 3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e) and 416.920(e); *Clem v. Sullivan*, 894 F. 2d 328, 330 (9th Cir. 1990)). However, "the ALJ still has a duty to make factual findings to support his conclusion." *Id*. (citing SSR 82-62). The ALJ must examine the plaintiff's RFC and the "physical and mental demands of the work to determine whether the plaintiff is able to perform (1) "the actual functional demands of a particular past relevant job"; and (2) "the functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id*. (citing 20 C.F.R. §§ 404.1520(e) and 416.920(e); SSR 82-62).

At step five, where a plaintiff has established that they are unable to perform any past relevant work, the burden shifts to the Commissioner to demonstrate that "the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Lockwood v. Comm'r Soc. Sec. Admin*., 616 F.3d 1068, 1071 (9th Cir. 2010) (quoting *Tackett*, 180 F.3d at 1100).

The Court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Burch v. Barnha*rt, 400 F.3d 676, 679 (9th Cir. 2005)). "The ALJ is responsible for determining

credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, *Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). The Court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. *Id.*; *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, *see Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. *See Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).

2. Analysis

Plaintiff argues the ALJ erred in determining Plaintiff could perform past relevant work as an insurance clerk at step four, and could perform work as a cashier, sales attendant, and fundraiser at step five because he failed to resolve an apparent inconsistency with the VE and the RFC's limitation of "occasional overhead reaching." Pl. Mot. 8-9. Conversely, Defendant argues that there was no apparent conflict the ALJ needed to resolve at steps four and five, and that the ALJ's steps four and five findings are supported by substantial evidence. Def. Mot. 9-12.

The Court agrees with Defendant that an obvious or apparent conflict has not arisen between the VE testimony and the DOT descriptions. "For a difference between an expert's testimony and the [DOT] listings to be fairly characterized as a conflict, it must be obvious and apparent… [meaning] that the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin*, 844 F. 3d 804, 808 (9th Cir. 2016). In *Gutierrez*, the court "held that a claimant

could perform her work as a cashier despite her inability to reach above shoulder level with the dominant hand because there was no apparent or obvious conflict between the VE's testimony and a general requirement for frequent reaching." *Ibach v. Colvin*, 2017 WL 651940 (E.D. Cal. Feb. 15, 2017) (citing *Gutierrez*, 844 F. 3d at 808).

Here, the requirements for an insurance clerk involve typing insurance assignment forms, telephoning insurance companies to verify patient coverage, and preparing forms outlining hospital expenses. DOT 214.362-022. The role of cashier II involves operating a cash register with peripheral electronic data processing equipment, and making change, cashing checks, or issuing receipts to customers. DOT 211.462-010. The role of a sales attendant entails aiding customers in locating merchandise and arranging stock on shelves or racks in sales area. DOT 299.677-010. Last, the role of fundraiser II involves contacting individuals by telephone to solicit funds and writing a letter expressing appreciation for a donation. DOT 293.357-014.

The Court concludes that overhead reaching is not essential, integral, or expected for any of these occupations. *See Guiterrez*, 844 F. 3d at 808. Therefore, the Court concludes there was no obvious or apparent conflict between the VE testimony and the RFC limitations. Accordingly, the Court grants Defendant summary judgment on this issue and denies Plaintiff summary judgment on this issue.

## V. CONCLUSION

In conclusion, the Court grants summary judgment in favor of Plaintiff on the following issues, finding (1) the ALJ erred in discounting Plaintiff's subjective symptom testimony; and (2) the ALJ erred in discounting Dr. Nguyen's medical opinion testimony. The Court grants summary judgment in favor of Defendant, finding the ALJ did not err in his step four and step five analysis.

With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d, at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler,* 775 F.3d, at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether Plaintiff was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed but must sufficiently analyze whether there are clear and convincing reasons for discrediting Plaintiff's testimony and whether Dr. Nguyen's opinion meets the supportability and consistency standards as described in 20 C.F.R. §§ 416.920c(c)(1)-(2). The Court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find Plaintiff disabled during the entirety of the relevant period; may find Plaintiff eligible for some type of closed period of disability benefits; or may find that Plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

## ORDER

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 15) is GRANTED IN PART and DENIED IN PART;
2. The Commissioner's cross-motion (ECF No. 19) is GRANTED IN PART and DENIED IN PART;
3. The final decision of the Commissioner is REVERSED AND REMANDED.

7, whet.2371.25.ss.msj.cjra

DATED: August 5, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE